UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                        :
UNITED STATES OF AMERICA                :
                                        :   CRIM. NO. 3:03CR218(JBA)
VS.                                     :
                                        :
OSAS AYEKI                              :   MAY 26, 2005
_____:

### DEFENDANT'S REPLY SENTENCING MEMORANDUM

Defendant Osas Ayeki submits this sentencing memorandum in connection with the proceeding scheduled for June 13, 2005, to respond to one specific argument made in the government in its most recent memorandum, and to suggest again that in light of the advisory nature of the Guidelines a lengthy evidentiary hearing on their calculation should not be held.

The government cited United States v. Wilson, 350 F. Supp. 2d 910 (D. Utah 2005), for the proposition that district courts should still demonstrate "fidelity to the Guidelines."  The government argues that the Guidelines "plainly reflect the public's will" (Sentencing Mem. at 7). That is true, of course, only if the Court considers the U.S. Sentencing Commission as representative of "the public," and, more importantly, that we should have sentencing by the public.  Indeed, the Sentencing Commission is no more representative of the public than are U.S. District Judges, who were appointed by the President and confirmed by the Senate.

In any event, Wilson is flatly inconsistent with United States v. Booker, 125 S. Ct. 738 (2005), and with United States v. Crosby, 397 F.2d 103 (2d Cir. 2005).  If the Guidelines

sentence is to be presumptively the "right" sentence, then that single factor within 18 U.S.C. § 3553(a) is elevated to presumptively controlling weight.  Indeed, other judges have already agreed that the Guidelines are but one factor to consider, but they should not be considered to be presumptively "right."

In <u>United States v. Ranum</u>, 353 F. Supp. 2d 984, 986 (E.D. Wis. 2005), Judge Adelman concluded that the Guidelines are not presumptive, but are truly advisory, and should be treated as one factor to be considered in conjunction with other factors that Congress enumerated in § 3553(a).  Judge Pratt followed <u>Ranum</u> in <u>United States v. Myers</u>, 353 F. Supp. 2d 1026, 1029-30 (S.D. Iowa 2005).  <u>Myers</u> rejected the same argument made by the government here that uniformity, as defined by the Sentencing Commission, was the overriding factor:

> At first blush, a system of discretionary sentencing would appear to invite what Congress hoped to avoid, unfairness at sentencing. The Supreme Court in <u>Booker</u>, however, reminded judges and the public that true uniformity exists not in a one-size-fits-all scheme, but in "similar relationships between sentence and real conduct." 125 S. Ct. 738, at 21.  This is the guiding principle at work in <u>Booker</u>. This Court will endeavor, then, to square the real conduct presented by the evidence presented concerning a particular defendant, with the public interests expressed through the sentencing statute, in order to deliver a judgment in a manner as even-handed and reasonable as humanly possible.

<u>Id</u>.  <u>See also</u> <u>United States v. West</u>, 2005 U.S. Dist. LEXIS 1123, at *6-*7 (S.D.N.Y. Jan. 27, 2005) (Sweet, J.) (copy attached) ("The Guidelines calculations are to be treated 'as just one of a number of sentencing factors'" in part because several of the factors identified in § 3553(a) conflict with prescriptions and proscriptions of Guidelines, and that such conflicts will require resolution by district courts); <u>United States v. Jones</u>, 352 F. Supp. 2d 22, 26 (D. Me. 2005)

(reviewing factors identified in § 3553(a) "in determining whether to apply the now advisory Guidelines" and concluding that Guidelines would not be followed under the circumstances); United States v. Jaber, 362 F. Supp. 2d 365 (D. Mass. 2005); United States v. Moreland, 2005 U.S. Dist. LEXIS 7393, at *3-*4 (S.D.W. Va. Apr. 27, 2005) (copy attached); Simon v. United States, 361 F. Supp. 2d 35, 40 (S.D.N.Y. 2005) (Sifton, J.) (after considering Wilson and similar cases "I adopt the view that the Guidelines are advisory and entitled to the same weight accorded to each other factor that the Court is instructed to consider by § 3553(a)," in part because § 3555(a) does not distinguish between the weight to be given to any of the factors listed," so that "giving 'heavy' weight to the Guidelines may therefore be in tension, if not conflict, with § 3553(a)'s command to consider a multitude of factors").

The Guidelines are more than "a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." Crosby, 397 F.3d at 113-14. However, that does not mean that they are presumptively the controlling factor, more important than all – or any – of the other factors listed in § 3553(a).

Under Booker and under the existing terms of the statute, the Guidelines are a factor to consider – no more and less important than other factors – in determining the "sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2). Under these circumstances, the Court need not engage in a lengthy evidentiary hearing relating to the loss calculation, because the loss calculation simply is not the controlling factor that it once was. The court in Crosby, 397 F.3d at 112, advised district judges that ordinarily they still

must calculate guidelines ranges, but it specifically invited district judges to impose non-Guidelines sentences where the amount of the loss was uncertain or complicated:

> In one circumstance, however, precise calculation of the applicable Guidelines range may not be necessary. Now that the duty to apply the applicable Guidelines range is not mandatory, situations may arise where either of two Guidelines ranges, whether or not adjacent, is applicable, but the sentencing judge, having complied with section 3553(a), makes a decision to impose a non-Guidelines sentence, regardless of which of the two ranges applies. This leeway should be useful to sentencing judges in some cases to avoid the need to resolve all of the factual issues necessary to make precise determinations of some complicated matters, for example, determination of monetary loss.

Id.  There is no obvious reason why this direction should not be followed here.  The Court already knows, or will know after a sentencing hearing, enough about defendant to apply with a sufficient amount of confidence the factors set forth in § 3553(a).

                            THE DEFENDANT,

                            _____
                            William M. Bloss
                            Federal Bar No. ct01008
                            Koskoff Koskoff & Bieder, P.C.
                            350 Fairfield Avenue
                            Bridgeport, CT 06604
                            TEL:  203-336-4421
                            FAX:  203-368-3244
                            email: bbloss@koskoff.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been mailed, postage prepaid (and by email), on this 26th day of May, 2005, to all counsel and pro se parties of record, as follows:

John A. Marrella, Esq.
Assistant U.S. Attorney
157 Church Street
23rd Floor
New Haven, CT 06510

                                                                 _____
                                                                 William M. Bloss