UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:03CR218(JBA) |
| v. | |
| OSAS AYEKI<br>(a.k.a. "Buck") | July 8, 2005 |

GOVERNMENT'S FOURTH SUPPLEMENTAL SENTENCING MEMORANDUM

The United States of America respectfully submits this Fourth Supplemental Sentencing Memorandum regarding defendant Osas Ayeki, whose sentencing has been continued until July 14, 2005. The purpose of this memorandum is to advise the Court that the United States Attorney's Office for the Eastern District of New York has informed the undersigned Assistant United States Attorney that in the exercise of its prosecutorial discretion, it plans to dismiss with prejudice the criminal complaint pending against the defendant in the Eastern District of New York (filed in federal court in Brooklyn on August 11, 2003, Case No. 03-1261M) in the event the Court imposes the maximum prison sentence of 60 months in this case.

The written plea agreement in this case includes a Guideline stipulation that would result in a sentence of imprisonment of 60 months. *See* Plea Agreement at pages 3-4. The Government originally entered the plea agreement with the view that the 60-month sentence to which the defendant was agreeing would adequately serve the purposes of the criminal law with respect to his conduct as it relates to the present case and the pending credit card fraud charges in Brooklyn. The Government continues to hold this view, despite the defendant's disavowal of the plea agreement. If this Court were to impose the maximum sentence of 60 months in this case, then that would effectively give the defendant the benefit of the plea bargain that he knowingly and

voluntarily entered into on October 31, 2003. (*i.e.*, it would cap his exposure for his various pending federal criminal offenses at 60 months). Accordingly, the defendant would suffer no consequence for his having violated the terms of the plea agreement by challenging the Government's version of offense conduct and contesting relevant sentencing enhancements. Inasmuch as the Government has had to present evidence and argument in a series of hearings over the past 19 months, the benefit it expected to derive from the defendant's guilty plea (*e.g.*, conservation of resources, defendant's waiver of appeal) has been significantly diminished.

For the reasons set forth above and in the Government's previous submissions to the Court, the Government respectfully submits that a 60-month prison sentence would be fair, reasonable, and just punishment in this case.

> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
>
> JOHN A. MARRELLA
> ASSISTANT U.S. ATTORNEY
> Federal Bar No. CT19473
> 157 Church Street, 23d Floor
> New Haven, CT 06510
> (203) 821-3700

<u>CERTIFICATE OF SERVICE</u>

 This is to certify that a copy of the foregoing has been sent by fax and U.S. Mail, postage prepaid, this 8th day of July, 2005, to:

William Bloss, Esquire
Koskoff, Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, CT 06604
(203) 368-3244

 and by hand delivery to:

Mr. Christopher Rogers
United States District Court
Probation Office
157 Church Street, 22nd Floor
New Haven, CT 06510

              _____
              JOHN MARRELLA
              ASSISTANT UNITED STATES ATTORNEY